Jonathan Stieglitz, CA No. 278028
jonathan.a.stieglitz@gmail.com
LAW OFFICES OF JONATHAN A. STIEGLITZ
11845 W. Olympic Boulevard, Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL GUERRERO, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| CHECKR, INC., | **15 U.S.C. § 1681 *et seq.*** |
| Defendant. | |

Plaintiff, Miguel Angel Guerrero ("Plaintiff"), hereby submits his Complaint against Defendant Checkr, Inc. ("Defendant" or "Checkr") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PARTIES

1. Plaintiff Miguel Angel Guerrero is a "consumer" as defined by 15 U.S.C. § 1681a.

2. Plaintiff lives in Whittier, California, which is within the territorial confines

1

of the Central District of California.

3.     Checkr is a for-profit corporation incorporated in Delaware. Checkr's principal place of business is located at 1 Montgomery St. Suite 2000 San Francisco, California 94104.

4.     Checkr is regularly engaged in the business of compiling consumer information to include in background checks and employment-purposed consumer reports that it sells to third parties. Therefore, Checkr is both a "consumer reporting agency" and a "reseller" as defined by 15 U.S.C. §§ 1681a(f), (u).

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

6.     Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendant is subject to personal jurisdiction in this District. 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

7.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

8.     Plaintiff applied for a delivery position at Postmates on or about May 5, 2021.

9.     As part of Postmates' hiring process, it requires applicants to consent to its

retrieval of an employment-purposed consumer report from Defendant Checkr.

10.     Upon information, non-party Postmates pays Defendant Checkr to provide employment-purposed consumer reports to Postmates. Postmates uses Checkr's consumer reports to make decisions about prospective employees and/or independent contractors.

11.     When Plaintiff applied for the position, he authorized Postmates to request an employment-purposed consumer report from Checkr.

12.     On or about May 6, 2021, Plaintiff received an email from Checkr that indicated Postmates was "considering rejecting" Plaintiff's employment application.

13.     Checkr's letter explained that it had associated Plaintiff's personal identifiers with a motor vehicle record that listed a suspension for resulting from an "Accumulation of Convictions (Including Points/Judged a Habitual Offender or Violator)."

14.     When Plaintiff received this letter from Defendant, he was distraught and confused.

15.     Plaintiff had only received his driver's license one day earlier; there was no way it could have been "suspended" in 2018.

16.     In the **one day** Plaintiff had his license, he did not receive a traffic citation.

17.     Plaintiff had no idea why the erroneous suspension was associated with his

personal identifiers.

18.    Upon review of his Checkr report, Plaintiff discovered that Checkr incorrectly associated his personal identifiers with a motor vehicle record related to traffic violations occurring in Oklahoma between November 5, 2018, and December 5, 2018.

19.    Plaintiff did not even have a driver's license between November 5, 2018, and December 5, 2018.

20.    Plaintiff has never lived in Oklahoma.

21.    Plaintiff has never traveled to or through Oklahoma.

22.    Upon information and belief, Plaintiff does not have family that lives in Oklahoma.

23.    Plaintiff has never received a traffic citation in Oklahoma.

24.    The suspension Checkr associated with Plaintiff's personal identifiers does not belong to him.

25.    The motor vehicle information Checkr published and provided to Postmates as part of Plaintiff's application process was patently inaccurate.

26.    Upon information and belief, Defendant's loose matching algorithms erroneously associated Plaintiff's personal identifiers with the driving record of another consumer.

27.    Upon information and belief, Defendant is aware that it often incorrectly

matches public record information with consumers' personal identifiers.

28.     Upon information and belief, Defendant purchases public records information, including motor vehicle and criminal records, from third-party vendors who sell the information for a profit.

29.     Upon information and belief, the third-party vendors do not verify that the public records information is accurate before they sell it to Defendant.

30.     Upon information and belief, Defendant is aware that the information it purchases from third-party vendors has not been vetted.

31.     Upon information and belief, the third-party vendors selling public records information to Defendant explicitly disclaim the accuracy of the information.

32.     Upon information and belief, Defendant knowingly includes the third-party vendors' unverified information in consumer reports without independently assessing its accuracy.

33.     Upon information and belief, Defendant knows that its third-party vendors often attribute criminal and motor vehicle records to the wrong consumers.

34.     Upon information and belief, Defendant fails to maintain procedures that would vet the accuracy of the information provided by the third-party vendors because such procedures would hurt its profit.

35.     Upon information and belief, Defendant has been sued under the FCRA in the past after incorrectly matching a consumer's personal identifiers with criminal

convictions or driving records that did not belong to them.

36.     Therefore, Defendant has actual notice that its procedures often result in the preparation dissemination of inaccurate consumer information.

37.     Despite knowing that its procedures often result in inaccurate reporting, Defendant recklessly and knowingly fails to employ procedures to assure only **maximally accurate** consumer information is compiled and published in the consumer reports it sells to third parties for a profit.

38.     In this case, Defendant had actual knowledge that Plaintiff did not have a driver's license in the months relevant to the erroneous driving record.

39.     When Defendant provided Plaintiff's consumer report to Postmates, Defendant was reporting that Plaintiff's **first and only** driver's license was effective on May 5, 2021.

40.     Plaintiff disputed the inaccurate information with Checkr on or about May 11, 2021.

41.     Defendant received Plaintiff's dispute.

42.     On or about May 18, 2021, Defendant responded to Plaintiff's dispute via email.

43.     In its response, Checkr indicated that it had investigated the disputed information and determined that it was "accurate and complete."

44.     Consequently, Defendant continued to inaccurately report that Plaintiff had

an "Accumulation of Convictions (Including Points/Judged a Habitual Offender or Violator)."

45.     Upon information and belief, Defendant failed to reasonably investigate Plaintiff's dispute as required by the FCRA.

46.     Upon information and belief, Defendant's "investigation" consisted of nothing more than a cursory review of its own internal records.

47.     Upon information and belief Defendant failed to forward the dispute to the third-party vendor that furnished the inaccurate information.

48.     Defendant allowed the inaccurate driving record to appear on Plaintiff's credit report without matching his personal identifiers including his complete social security number, date of birth and complete name.

49.     As a direct result of Defendant Checkr's inaccurate reporting, Plaintiff was denied the opportunity to work for Postmates.

50.     On or about May 26, 2021, Defendant Checkr provided a consumer report with the inaccurate motor vehicle record to another one of Plaintiff's potential employers, Instacart.

51.     As a direct result of Defendant's conduct, actions, and inaction Plaintiff suffered actual damages, including but not limited to: loss of job opportunity, emotional distress, mental anguish, sleepless nights, embarrassment, stress, and time wasted looking for other employment.

## COUNT I
### Checkr's Violations of 15 U.S.C. § 1681e(b)

52.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

53.     The FCRA was enacted to, in part, ensure "consumer reporting agencies [like Defendant] exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

54.     Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer information by consumer reporting agencies ("CRAs"), including public records information.

55.     In the parlance of the FCRA, background checks are "consumer reports."

56.     The FCRA provides a number of protections for applicants who are subject to background checks.

57.     Under 15 U.S.C. § 1681e(b), "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

58.     Defendant violated 15 U.S.C. § 1681e(b) by failing to **establish** reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report(s).

59.     Defendant violated 15 U.S.C. § 1681e(b) by failing to **follow** reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report(s).

60.     Defendant's failure to employ and/or follow reasonable procedures while preparing and distributing Plaintiff's information caused Plaintiff to suffer statutory and actual damages, as described herein.

61.     Defendant's violations of 15 U.S.C. § 1681e(b) were willful and knowing. Further, Defendant's violations were committed in reckless disregard of Plaintiff's rights as a consumer. Accordingly, Defendant is liable for Plaintiff's statutory, actual and punitive damages pursuant to 15 U.S.C. § 1681n.

62.     Alternatively, Defendant's violations of 15 U.S.C. § 1681e(b) were negligent, rendering it liable for Plaintiff's statutory and actual damages pursuant to 15 U.S.C. § 1681o.

63.     In any event, Defendant's violations of 15 U.S.C. § 1681e(b) render it liable for Plaintiff's reasonable attorney's fees and costs. 15 U.S.C. §§ 1681n, 1681o.

## COUNT II
### Checkr's Violations of 15 U.S.C. § 1681i(f)

64.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

65.    Upon receiving a consumer dispute, a reseller like Defendant is required to reasonably investigate the problematic information and determine if it is inaccurate as a result of its own act or omission. 15 U.S.C. § 1681i(f)(2)(A).

66.    If the information is inaccurate as a result of the reseller's own act or omission, it has twenty days from the dispute's receipt to correct or delete the inaccurate information from the consumer's report. 15 U.S.C. § 1681i(f)(2)(B).

67.    If an investigation reveals that the information is inaccurate as a result of another consumer reporting agency's act or omission, the reseller must forward the dispute and all relevant information to the consumer reporting agency that provided or published the inaccurate information. 15 U.S.C. § 1681i(f)(2)(B).

68.    Upon information and belief, Defendant Checkr violated 15 U.S.C. § 1681i(f)(2) by failing to conduct a reasonable reinvestigation into the erroneous motor vehicle record listed on Plaintiff's Checkr report after Plaintiff disputed the information.

69.    Upon information and belief, Defendant Checkr violated 15 U.S.C. § 1681i(f)(2)(B)(i) by failing to promptly delete the disputed, inaccurate information after learning its own act or omission resulted in the inclusion of inaccurate information in Plaintiff's credit file.

70.    Alternatively, Checkr's investigation revealed that the information was not inaccurate because of its own act or omission. However, upon discovering this

information, Defendant Checkr failed to forward Plaintiff's dispute (and all relevant information) to the consumer reporting agency that provided the disputed information to Defendant, in violation of 15 U.S.C. § 1681i(f)(B)(ii).

71.    As a result of Defendant Checkr's violations of 15 U.S.C. § 1681i(f), Plaintiff suffered actual damages, including but not limited to: loss of job opportunity, emotional distress, mental anguish, embarrassment, stress, and time wasted looking for other employment.

72.    The violations by Defendant Checkr were both willful and negligent, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n, 1681o.

73.    In the alternative, Defendant Checkr's violations of 15 U.S.C. § 1681i were negligent, rending it liable for Plaintiff's statutory and actual damages pursuant to 15 U.S.C. § 1681o.

74.    In any event, Defendant's violations of 15 U.S.C. § 1681i render it liable for Plaintiff's reasonable attorney's fees and costs. 15 U.S.C. §§ 1681n, 1681o.

**TRIAL BY JURY**

75.    Plaintiff is entitled to and herby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully request this Court enter judgment against Defendant Checkr for the following:

A.      Actual damages pursuant to 15 U.S.C. §§ 1681n, 1681o;

B.      Statutory damages pursuant to 15 U.S.C. §§ 1681n, 1681o;

C.      Punitive damages pursuant to 15 U.S.C. § 1681n;

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

E.      Any pre-judgment and post-judgment interest as may be allowed under the law; and

F.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of July 2021,

> */s/Jonathan Stieglitz*
> Jonathan Stieglitz, CA No. 278028
> jonathan.a.stieglitz@gmail.com
> LAW OFFICES OF JONATHAN A. STIEGLITZ
> 11845 W. Olympic Boulevard, Suite 800
> Los Angeles, California 90064
> Telephone: (323) 979-2063
> Attorney for Plaintiff